IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| FELECIA VOSS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 1:15CV00010-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Felecia Voss, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Plaintiff is seeking benefits due to a combination of impairments. (Tr. 144.) The Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act because jobs existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 10-19.) The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, I must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was forty-two years old at the time of the hearing. (Tr. 29.) She testified she earned a GED. (Tr. 29.) The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 12.) He then determined Plaintiff was unable to perform her past relevant work; however, he found she retained the residual functional capacity to perform a wide range of work at the light exertional level with some limitations. (Tr. 13-17.)

The ALJ utilized the services of a vocational expert to determine the availability of jobs that Plaintiff could perform given her limitations. (Tr. 42-44.) The vocational expert testified within the constraints of the ALJ's hypothetical questions. Given the ALJ's hypothetical question, the vocational expert testified that entry level jobs, including the jobs of small products assembler and egg breaker, existed in significant numbers and Plaintiff could perform these jobs despite her impairments. (Tr. 43.) Consequently, the ALJ concluded Plaintiff was not disabled. (Tr. 18-19.)

A review of this case reveals an individual clearly suffering from some degree of pain and limitation. She has a fairly extensive history of treatment for her impairments. And I find this case to be a close call given the potential severity of Plaintiff's impairments. But given the evidence as a whole and the fact it was Plaintiff's burden to prove her disability, I find the ALJ's decision is

supported by substantial evidence.

Plaintiff argues the ALJ committed error when he failed to address her limited ability to turn her neck. (Pl's. Br. 14-15.) Plaintiff must avoid "excessive head and neck turning." (Tr. 217.) And Plaintiff correctly points out that she could potentially suffer great harm should she be injured in the future. (Tr. 366.) But this prospective danger fails to support a conclusion that Plaintiff is presently unable to perform all forms of work related activities. I recognize that it would have been best for the ALJ to have included this limitation in his residual functional capacity determination. However, his failure to include this limitation was not reversible error given the medical evidence on this point. The records clearly urges Ms. Voss to be careful with her neck movements. But the records fail to show that her neck impairment presently substantially affects her residual functional capacity.

With regard to her doctor's statement about the effect of migraine headaches (Pl.'s Br. 15-16), the ALJ could properly discount this opinion given the medical records contradicted this opinion. For example, Ikram Khan, M.D., reported, "Her migraines have been stable with Topamax." (Tr. 421.)

"Disability" is the "inability to engage in any substantial gainful activity by reason of any <u>medically determinable</u> physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§ 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

As earlier noted, Plaintiff is clearly limited to some extent. But substantial evidence supports the ALJ's determination that she was still capable of performing light work-related activities. The ALJ properly focused on Plaintiff's ability to function despite her impairment, rather than focusing

3

on her diagnoses. Proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992). Simply put, the overall objective medical records fail to support Plaintiff's claim of complete disability.

The ALJ found issue with Plaintiff's credibility and Plaintiff argues that this Court should reverse his findings because his credibility determination was flawed. (Pl's. Br. at 17-20.) I agree that the ALJ put too much emphasis on Ms. Voss's activities of daily living. (Tr. 15.) But the record also reveals that Plaintiff overstated her limitations. (Tr. 154-161.) Nevertheless, the ALJ's credibility assessment fairly considered the *Polaski* factors and is supported by the overall evidence of record. (Tr. 14-17.)

Plaintiff has advanced other arguments that I have considered and find to be without merit. I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 22nd day of July, 2015.

JOE J. VOLPE  
UNITED STATES MAGISTRATE JUDGE

4